## FLEMING *v.* OTTAWA PROBATE JUDGE.

1. APPEAL AND ERROR — PROBATE COURT — BONDS — ADMINISTRATOR.

Act No. 92, Pub. Acts 1901, providing that a party, appealing from an order of the probate judge, shall give a bond to the adverse party to secure the payment of damages and costs if the case shall not be reversed, and in case an administrator appeals from the allowance of his account, to secure the payment of the amount found due, does not require an administrator, appealing from an order removing him, to give a bond securing anything more than the costs that might be awarded to the adverse party by the appellate court.

2. SAME—BONDS—MANDAMUS.

Where a probate judge, on entering an order removing an administrator, fixed the penalty of the bond for an appeal from such order in an unwarranted amount, and upon the theory that it should be sufficient to secure payment of any sum found due the estate upon an accounting, it was not necessary for the administrator to present a proper bond to the probate judge before applying to the circuit court for a writ of mandamus to compel him to fix a proper penalty for the bond.

Certiorari to Ottawa; Padgham, J. Submitted June 7, 1904. (Calendar No. 20,533.) Decided July 7, 1904.

Mandamus by R. Andrew Fleming, administrator de bonis non of the estate of Thomas W. Ferry, deceased, to compel Edward P. Kirby, probate judge of Ottawa county, to approve a bond on an appeal from an order removing relator as administrator. From an order granting the writ, respondent brings certiorari. Affirmed.

*George A. Farr*, for relator.

*Butterfield & Keeney* and *Walter I. Lillie*, for respondent.

MONTGOMERY, J. The relator has been acting as administrator de bonis non of the estate of Thomas W. Ferry under an order of the probate court dated December 31, 1901. On September 18, 1903, certain of the heirs of Thomas W. Ferry petitioned the probate court for the removal of relator on the grounds: *First*, it was claimed that no petition was filed for his appointment, and that, therefore, there was no jurisdiction to make the appointment in the first instance; and, *second*, that relator was unsuitable to administer the trust.

On a hearing the probate judge removed relator on the first-named ground, and on entering the order announced that he would approve a bond in the sum of $500,000 if relator desired to appeal from this decision. Relator applied for mandamus to compel the respondent to approve

a bond in the sum of $200.    On a hearing in the circuit it was directed that a mandamus issue requiring respondent to approve a bond, with penalty and sureties to be approved by him, but excluding the idea that the bond should be in such sum as would protect the estate.

The meritorious question is whether the bond required under section 670, 1 Comp. Laws, as amended by Act No. 92, Pub. Acts 1901, should be construed as requiring, in a case like the present, security for anything more than the costs awarded to the adverse party in the appellate court.    The section originally read:

"The party appealing shall at the time of filing notice thereof file with the judge of probate a bond to the adverse party, in such penalty, with such surety or sureties as the judge of probate shall approve, conditioned for the diligent prosecution of such appeal, and the payment of all such damages and costs as shall be awarded against him in case he shall fail to obtain a reversal of the decision so appealed from."

The amendment of 1901 added the following:

" And in case any person appeals from the allowance and findings of the court upon the examination of his account as executor, administrator, guardian, or trustee, the court may, in its discretion, fix the penalty of the bond in such sum as will cover the amount found due by the probate court upon examination of such account, in which case the bond and sureties thereon shall be liable to the amount of such bond for the amount found due by the probate court or the appellate court, upon the final determination of such appeal, including the costs and damages awarded by such appellate court."

It will be seen that this amendment does not apply to the present case.    It will also be noted that the bond required in a case like the present is to run to the adverse party, who may be one of many heirs.    Was it intended that such bond should furnish security to the estate, or to all of those interested, that the estate will be duly administered and not wasted ?    We think not.    In a case like the present the administrator is presumed to have given an

adequate bond to the probate judge to secure the due execution of his trust.   The only purpose of the bond on appeal is to secure the payment of such sum as may be *awarded* to the adverse party on the appeal.   It is, we think, clear that the court could not, on such an appeal, award to the appellee, who is or may be one of the numerous heirs, the amount of any claimed devastavit.

The case of *Com.* v. *Judges of Orphans' Court*, 10 Pa. St. 37, relied upon by respondent, is distinguishable.   Under the Pennsylvania statute the security required is a recognizance presumptively in form running to the judges of the court, and is not limited in terms to securing an award to the adverse party.

It is contended that the relator was not entitled to the order for the reason that no bond had been presented to the probate judge for approval, but we agree with the circuit judge that this was, under the circumstances of this case, unnecessary.   The statute contemplates that the probate judge will fix the penalty.   This he did, and at an unwarranted figure, and upon an erroneous conception of the law.   It is not clear how the relator could have proceeded further.   It would have been idle, if not contemptuous, to present a bond in any other penalty.

The order of the circuit court is affirmed, with costs.

The other Justices concurred.